IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID L. SCHNUELLE, Borrower,<br><br>Plaintiff,<br><br>vs.<br><br>MIDSTATES BANK, N.A., et al.,<br><br>Defendants. | 4:19-CV-3009<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiff's motion for "Emergency Injunctive Relief" (filing 25). That motion will be denied, for two reasons.

First, the plaintiff is specifically asking the Court to enjoin pending state court proceedings. Filing 25. But the Anti-Injunction Act, 28 U.S.C. § 2283, "broadly commands that [state] tribunals shall remain free from interference by federal courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306. That edict is subject to only three "specifically defined exceptions" which are "narrow and not to be enlarged by loose statutory construction." *Id.* (cleaned up). "Indeed, any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* (cleaned up).

Specifically, the Anti-Injunction Act's three exceptions allow a federal court to enjoin a state proceeding only "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." § 2283; *see Nat'l Basketball Ass'n v. Minnesota Prof'l Basketball, Ltd. P'ship*, 56 F.3d 866, 871 (8th Cir. 1995). The only even vaguely colorable argument here is that an injunction is necessary in aid of the Court's

jurisdiction, because the plaintiff's complaint (at least purportedly) relies upon federal law.[1]

But "a federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970). And here, although the Court *might* have jurisdiction over the plaintiff's federal claims, there is no reason to believe that those federal claims could not be asserted in state court—and if the state and federal courts have concurrent jurisdiction, neither court may prevent a party from pursuing claims in both courts. *See id.* The plaintiff is free to litigate in the state trial courts, seek relief from the state appellate courts, and if necessary from the Supreme Court as well. But this Court cannot enjoin those proceedings.

Second, and more fundamentally—even if injunctive relief wasn't barred here, it wouldn't be warranted. The propriety of preliminary injunctive relief is determined by weighing the threat of irreparable harm to the movant, the balance of harms, the movant's likelihood of success on the merits, and the public interest. *McKinney ex rel. NLRB v. S. Bakeries, LLC*, 786 F.3d 1119, 1122-23 (8th Cir. 2015) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). A preliminary injunction is an extraordinary remedy, and the movant bears the burden of establishing its

---

[1] The "expressly-authorized" exception applies only "where the statute in question creates a federal right or remedy that can only be given its intended scope by such an injunction," *see In re BankAmerica Corp. Sec. Litig.*, 263 F.3d 795, 801 (8th Cir. 2001), and there is no preexisting federal judgment here to "protect or effectuate," *see Jones v. St. Paul Companies, Inc.*, 495 F.3d 888, 892 (8th Cir. 2007).

propriety. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But in this case, there's neither a showing of irreparable harm nor any likelihood of success on the merits.

To begin with, a preliminary injunction cannot issue without a showing of irreparable harm. *Dataphase*, 640 F.2d at 114 n.9. To show a threat of irreparable harm, the movant must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief. *Roudachevski*, 648 F.3d at 706. Stated differently, the harm "must be actual and not theoretical." *Brady v. Nat'l Football League*, 640 F.3d 785, 794 (8th Cir. 2011). And harm is not irreparable when a party can be fully compensated for its injuries through an award of damages. *Gen. Motors Corp. v. Harry Brown's, LLC,* 563 F.3d 312, 319 (8th Cir. 2009). While the plaintiff's motion refers to losing property, such an injury could presumably be made whole with money damages. It's the movant's burden to "demonstrate that irreparable injury is *likely* in the absence of an injunction[,]" *Winter,* 555 U.S. at 22 (emphasis in original), and he hasn't made that showing here.

Furthermore, the Court finds no likelihood of success on the merits of the plaintiff's claims—which is the most significant factor in deciding whether to grant a preliminary injunction. *Laclede Gas Co. v. St. Charles Cty.*, 713 F.3d 413, 419-20 (8th Cir. 2013). The plaintiff's motion (filing 25) does not address the merits of his claims, but the Court has examined the plaintiff's complaint (filing 1), and finds it lacking. To the extent that anything he has filed presents a cognizable legal theory, it is based on allegations of "bookkeeping entry credit" that attacks the legality of the Federal Reserve System. *See* filing 1-2. But Congress has the constitutional power to declare what is legal tender, and federal reserve notes are. *The Legal Tender Cases,* 110 U.S. 421, 450 (1884);

see *Guar. Tr. Co. of New York v. Henwood*, 307 U.S. 247, 259 (1939); 31 U.S.C. § 5103; *United States v. Rifen*, 577 F.2d 1111, 1112 (8th Cir. 1978); *see also Horne v. Fed. Reserve Bank of Minneapolis*, 344 F.2d 725, 729 (8th Cir. 1965); *In re Yuska*, 571 B.R. 424, 428 (Bankr. N.D. Iowa 2017). More generally, the plaintiff's allegations appear to be premised on the defendants' failure to provide him with "proof of claim" upon his demand that the defendants justify the legality of the Federal Reserve System—but the plaintiff has identified no legal basis for his demand in the first place.

In short, the plaintiff's claims seem to be premised entirely on conspiracy theories that have no sound legal basis. Even if the injunction the plaintiff asks for was lawful, his allegations provide no basis for injunctive relief.

IT IS ORDERED that the plaintiff's motion for "Emergency Injunctive Relief" (filing 25) is denied.

Dated this 14th day of May, 2019.

BY THE COURT:

*[signature]*

John M. Gerrard
Chief United States District Judge